**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3162
_____

ABDOULAI BAH
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-02993)
District Judge: Honorable John M. Younge
_____

Argued: September 12, 2023

Before: JORDAN, BIBAS, and PORTER,
*Circuit Judges*.

(Filed: January 18, 2024)
_____

Judson D. Brown
Gabrielle Durling **[ARGUED]**
Karl Gunderson
Kirkland & Ellis
655 Fifteenth Street NW
Washington, DC 20005
    *Counsel for Appellant*

Landon Y. Jones, III **[ARGUED]**
Office of the United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

PORTER, *Circuit Judge*.

Abdoulai Bah, a US citizen originally from Sierra Leone, was stopped by police, who discovered that he was carrying $71,613 in cash. Bah was detained and then released, but U.S. Customs and Border Protection (CBP) seized the cash. CBP returned the money with interest two-and-a-half years later. Bah commenced an action under the Detention Exception of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(c). The District Court dismissed the case for lack of subject matter jurisdiction, holding that the United States is immune from Bah's claims. We will affirm.

## I

Bah operated a cash-only car sales business through informal Guinean networks without using a bank account. On October 25, 2017, he was stopped on I-95 by Virginia State Police, who discovered $71,613 in cash. That was Bah's entire life savings. Bah was released, but CBP seized the cash as the "alleged proceeds of cigarette trafficking and drug related activity."

Bah petitioned the agency pro se, contending that the sources of the funds were legitimate. CBP denied the petition, notifying Bah that the funds were subject to forfeiture. Bah sought reconsideration of the denial, but CBP denied reconsideration and the seizure case was closed.

On April 2, 2020, Bah filed a complaint in the District Court for the Eastern District of Virginia. On May 26, 2020, under the terms of a settlement agreement, CBP vacated the forfeiture and returned Bah's money with interest. Bah dismissed the lawsuit and released his claims, but reserved the right to pursue an action under the FTCA. On July 13, 2020, he presented an administrative claim to CBP, seeking $1 million for "personal injury" and $175,000 for "property damage." CBP denied the claim on the ground that Bah's suit was barred by the Detention Exception to the FTCA and the pertinent statute of limitations.

Bah then filed this lawsuit, seeking the same damages requested in his administrative claim. He alleges that because he lost access to the seized money, he was unable to pay off loans and do business, alienating his creditors and destroying his livelihood. The stress of the ordeal allegedly left him

3

homeless and harmed his health, exacerbating his diabetes and headaches.

The District Court dismissed Bah's complaint for lack of jurisdiction. It held that 28 U.S.C. § 2680(c) immunizes the United States from Bah's claim that he could recover damages based on deprivation of the $71,613 during the seizure. The Court also held that the FTCA framework bars Bah's claims because they seek prejudgment interest—a type of relief for which the United States has declined to waive sovereign immunity.[1] Bah appealed.

II

The District Court had jurisdiction to determine its own jurisdiction over Bah's claims arising under federal law. *See* 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

Our review of a District Court's grant of a motion to dismiss under Rule 12(b)(1) or 12(b)(6) is plenary. *Free Speech Coal., Inc. v. Att'y Gen.*, 677 F.3d 519, 529–30 (3d Cir. 2012). We accept as true the facts alleged in the complaint, along with reasonable inferences that can be drawn from those facts. *Keystone Redev. Partners, LLC v. Decker*, 631 F.3d 89, 95 (3d Cir. 2011). To state a viable claim, a plaintiff must offer

---

[1] The District Court construed Bah's claim as "comparable to a claim for prejudgment interest" and as a "quasi-prejudgment interest claim." App. 7-8. It described Bah's claim as "a desire to be made whole for the opportunity costs and the disadvantage or loss to Plaintiff that arose due to the two-year gap between the seizure and return of Plaintiff's money." *Id.* at 8.

a short and plain statement showing that he is entitled to relief, including "allegations plausibly suggesting (not merely consistent with)" such entitlement. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III

Bah's claim falls outside of the government's waiver of sovereign immunity. The FTCA Detention Exception, 28 U.S.C. § 2680(c), waives sovereign immunity under certain conditions for "injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs . . . ."[2] But Bah's property—his currency—was not injured or lost, and the plain text does not waive immunity for personal "injury" or "loss" incurred as a consequence of the government's detention or forfeiture of property.

---

[2] In his opening brief, Bah emphasized a third statute, 28 U.S.C. § 1346(b)(1). While both the Detention Exception and 28 U.S.C. § 1346(b)(1) address waiver of sovereign immunity, the Detention Exception governs waiver as applied to this case. Bah conceded this point in his reply brief. "Indeed, because 28 U.S.C. § 1346(b) provides that federal courts shall have jurisdiction over FTCA claims 'subject to,' inter alia, section 2680, the exceptions found in that section define the limits of federal subject matter jurisdiction in this area." *Hydrogen Tech. Corp v. United States*, 831 F.2d 1155, 1161 (1st Cir. 1987) (citing *Dalehite v. United States*, 346 U.S. 15, 24 (1953)).

A different statute, 28 U.S.C. § 2465, delineates government liability with respect to "any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails," including for "cases involving currency." *See Id.* § 2465(b)(1)(C). Successful claimants may recover interest, attorney fees, and litigation costs. *Id.* The statute decisively forecloses recovery of "the value of any intangible benefits" and "any other payments to the claimant not specifically authorized by this subsection." *Id.* § 2465(b)(2)(A). Bah has already been paid interest for his withheld cash but seeks additional monetary damages.

A

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941). Because sovereign immunity is jurisdictional in nature, *Meyer*, 510 U.S. at 475, "the terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit." *Sherwood*, 312 U.S. at 586.

"To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary damages." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992)). "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text." *Id.* (citing *Nordic Village*, 503 U.S. at 37).

As originally enacted, the Detention Exception was a categorical bar on lawsuits relating to Government detention

of property. In 2000, Congress passed the Civil Asset Forfeiture Reform Act (CAFRA), conditionally waiving immunity and enabling recovery if four conditions are met. The statute as amended reads in relevant part:

> [Sovereign immunity extends to a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, *except* that the provisions of this chapter and section 1346(b) of this title apply to any claim based on *injury or loss of goods, merchandise, or other property,* while in the possession of any officer of customs or excise or any other law enforcement officer, if—
>
> > (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property . . . ;
> >
> > (2) the interest of the claimant was not forfeited;
> >
> > (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> >
> > (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal Criminal forfeiture law.

28 U.S.C. § 2680(c) (emphasis added). The parties agree that Bah meets the four conditions required under § 2680(c). But

they dispute whether he suffered "injury or loss" under the statute. We now turn to that question.

B

Bah argues that the ordinary meaning of "injury" and "loss" is sufficiently broad for § 2680(c) to encompass his claims. He also contends that Congress used "injury or loss" formulations in other statutory contexts enabling recovery for personal injury, supporting broad construction of this phrase as it appears in § 2680(c).

Bah's suggested constructions of "injury" and "loss" under 28 U.S.C. § 2680(c) are textually implausible. The language of the statute is not conducive to reading "injury" more broadly than injury to property because of the dependent clause, "while in possession of any officer of customs or excise or any other law enforcement officer." Construing "injury" as encompassing injury to person would countenance "claim[s] based on [personal] injury . . . while in the possession of any [customs officer]." The redefinition of "injury" turns the "officer of customs" phrase into a dangling modifier—*what* is in the possession of a customs officer? Further, Bah's suggested severing of "injury" from the surrounding words implies a comma that does not exist. The plain meaning of the statute might change if it waived immunity for "injury[,] or loss of goods, merchandise, or other property. . . ." *See* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 161 (the Punctuation Canon).

The heading of CAFRA Section 3—the legislation amending the statute—is "Compensation for Damage to Seized Property." Pub. L. No. 106-185, 114 Stat. 202, 211 (2000); *see Thorne v. Pep Boys Manny Moe & Jack Inc.*, 980 F.3d 879,

8

891 (3d Cir. 2020) ("The title of a statute and the heading of a section are 'tools available for the resolution of [] doubt' about the meaning of a statute." (quoting *Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998)). If there were any doubt, this further suggests that an injury to person falls outside the scope of "injury" as used in the statute. Bah may have been injured, but his cash was not.

Bah's suggested construction of "loss" is also textually dubious. The statute waives immunity for "loss of goods, merchandise, or other property . . . ." Bah does not allege a literal "loss of . . . property." Rather, he effectively seeks to recover for loss of *use* of his cash.

While "'loss' can mean different things in different contexts," *United States v. Riccardi*, 989 F.3d 476, 486 (6th Cir. 2021), the ordinary meaning of "loss" does not connote "loss of use." *See, e.g., Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 458 (5th Cir. 2022) (The "distinction [between 'loss of property' and 'loss of use of property'] is clear enough that had the parties intended the policy to cover a loss of use of property, they would have said so explicitly.").

Notwithstanding Bah's arguments to the contrary, Congress has directly distinguished "loss of property" and "loss of use of property" in other statutory contexts.[3] Bah's

---

[3] *See* 42 U.S.C. § 2014(q) ("The term 'nuclear incident' means any occurrence . . . causing . . . bodily injury, sickness, disease, or death, or *loss of or damage to property*, or *loss of use of property* . . . .") (emphasis added); 42 U.S.C. § 2243(d)(1) (requiring uranium-enrichment facilities to obtain insurance that covers "loss of or damage to property" and "loss

position implicates the rule against surplusage: if "loss of property" encapsulated loss of use, then "loss of use of property" would be an extraneous formulation when otherwise included in statutory language.

Bah's broad reading § 2680(c), enabling recovery for any "injury" or "loss," ignores other relevant statutory provisions. The FTCA Detention statutory scheme *elsewhere* addresses the government's liability for "any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails[.]" 28 U.S.C. § 2465(b)(1)(A–B) ("Return of property to claimant; liability for wrongful seizure"). As noted above, concerning seized hard currency, claimants are entitled to interest as well as attorney fees and litigation costs; the statute bars any further relief beyond this. *See id.* § 2465(b)(2)(A).

The § 2465(b) remedy for detention of Bah's currency undermines his claim for further damages. Bah was already paid interest for his seized cash. That accords with the relief available under § 2465(b).

We will affirm the District Court's order dismissing Bah's action with prejudice.

---

of use of property"); 2 U.S.C. § 6627(a) ("Any amounts received by the Sergeant at Arms and Doorkeeper of the Senate . . . for compensation for damage to, *loss of*, or *loss of use of property* of the Sergeant at Arms ….") (emphasis added).