DLD-059                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2545
_____

JULES NGAMBO,
                Appellant

v.

THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE,
A Racketeer Influenced Corrupt Organization; AMANDA HILLER;
KELLY A. BURGOON; ESTHER FURMAN; DEBRA ANN LIVINGSTON;
MICHELLE I. SCHAUER; LAURA TAYLOR SWAIN;
RACHEL F. TANGUAY; GERALD E. LOEHR

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:23-cv-20887)
District Judge: Honorable Jamel Semper

_____

Submitted on Appellees' Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 2, 2025
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 11, 2025)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Jules Ngambo appeals from the District Court's order granting the Defendants' motions to dismiss for lack of personal jurisdiction, lack of subject matter jurisdiction, judicial immunity, and failure to state a claim. Three of those Defendants, now Appellees, filed motions for summary affirmance.[1] Because we conclude the appeal presents no substantial question, we grant the motions for summary affirmance and will affirm the District Court's judgment as to all Appellees.

I.

Ngambo filed his 2023 complaint in the District of New Jersey against attorney Kelly A. Burgoon, New York Federal Judges Deborah Ann Livingston and Laura Taylor Swain, multiple New York State Judges, the New York State Department of Taxation and Finance ("NYSDTF"), and the NYSDTF Commissioner Amanda Hiller. The action stems originally from several adverse judgments against Ngambo during matrimonial and child support proceedings in the New York state courts. Ngambo brought a prior federal suit in the Southern District of New York alleging that Burgoon, who had represented his ex-wife, had conspired with the New York State Defendants to extort money from him during those New York state proceedings. After losing that federal suit, Ngambo brought his current suit, adding the Federal Judges as defendants and alleging they had joined the conspiracy against him via their adverse rulings. In his 2023 complaint, Ngambo alleged

---

[1] Even though not all Appellees filed a motion for summary affirmance, we advised all the parties that we would consider the possibility of summary action as to all Appellees. See 3d Cir. LAR 27.4; I.O.P. 10.6. We also extended to them an opportunity to respond, but we received no responses to our notice.

this purported conspiracy violated the Consumer Credit Protection Act's ("CCPA") restriction on garnishment, 15 U.S.C. § 1673, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), among other statutes.

All of the Defendants filed motions to dismiss. The Magistrate Judge recommended that the District Court grant the motions to dismiss due to a lack of personal jurisdiction, sovereign immunity, judicial immunity, and, alternatively, because Ngambo failed to state a claim. The District Court adopted the Magistrate Judge's report and recommendation in full and dismissed Ngambo's complaint. Ngambo timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals based on a lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim. See Chavez v. Dole Food Co., 836 F.3d 205, 223 n.90 (3d Cir. 2016); Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020); Bah v. United States, 91 F.4th 116, 119 (3d Cir. 2024). We may affirm the District Court's decision on any basis supported by the record and may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

After a de novo review of the record, we agree that the District Court properly granted the Defendants' motions to dismiss on jurisdictional grounds.

## A.

3

The District Court properly dismissed the claims against Burgoon and the New York State Defendants in their individual capacities for lack of personal jurisdiction. Personal jurisdiction in the federal courts is generally governed by Federal Rule of Civil Procedure 4(k)(1).  See Fischer v. Fed. Express Corp., 42 F.4th 366, 382 (3d Cir. 2022). Federal courts are allowed to exercise personal jurisdiction when a defendant is properly served and "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  Since only state courts are courts of general jurisdiction, to exercise jurisdiction under Rule 4(k)(1)(A), the federal court looks to the law of the state where it sits.  Fischer, 42 F.4th at 382-83.  Thus, "[a] federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).  "New Jersey's long-arm statute provides for jurisdiction co-extensive with the due process requirements of the United States Constitution."  Id.

"Where a federal court relies on such a state rule authorizing jurisdiction to the fullest extent permitted by the Constitution, Rule 4(k)(1)(A) incorporates the constitutional limits on jurisdiction imposed by the Fourteenth Amendment."  Fischer, 42 F.4th at 383 (citation omitted).  The Fourteenth Amendment limits personal jurisdiction to either general or specific jurisdiction.  Id.  General jurisdiction over individuals is proper where they are domiciled.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).  "By contrast, specific personal jurisdiction only reaches claims that arise out of or relate to the minimum contacts a plaintiff can demonstrate between the defendant and the forum state."  Fischer, 42 F.4th at 383.  The plaintiff bears

4

the burden of establishing a court's jurisdiction where defendants move to dismiss for lack of personal jurisdiction. Smith, 384 F.3d at 97. When a district court "does not hold an evidentiary hearing on the motion to dismiss," the plaintiff may satisfy this burden by establishing a prima facie case of personal jurisdiction. Id.

Here the District Court properly found that Ngambo did not establish a prima facie case of personal jurisdiction over Burgoon and the New York State Defendants in their individual capacities. Ngambo failed to allege facts suggesting that any Defendant was domiciled in New Jersey. He also failed to allege facts indicating that any Defendant had "minimum contacts" with New Jersey or that his suit arose from activities occurring in New Jersey. Further, Burgoon filed an affidavit in the District Court showing that she is domiciled in Connecticut and her law practice is limited to New York. Thus, Rule 4(k)(1)(A) does not provide a basis for the District Court to exercise personal jurisdiction over Burgoon and the New York State Defendants.

Federal courts may also exercise personal jurisdiction over defendants where authorized by federal law. Fed. R. Civ. P. 4(k)(1)(C). However, the CCPA does not provide federal courts with "a statutory mechanism through which to exercise personal jurisdiction" over defendants in suits alleging CCPA violations. See Fischer, 42 F.4th at 385. As for Civil RICO claims, we have held that the RICO statute authorizes personal jurisdiction only when a plaintiff can establish that the District Court has personal jurisdiction over at least one defendant, and it is required by the "ends of justice." Laurel Gardens, LLC v. McKenna, 948 F.3d 105, 116-17 (3d Cir. 2020) (citation omitted); see also Fischer, 42 F.4th at 385. As discussed above, Ngambo has failed to establish a

5

prima face case of personal jurisdiction over any Defendant in their individual capacities. Therefore, contrary to Ngambo's assertions on appeal, the RICO statute also fails to authorize the District Court's exercise of jurisdiction over any of the Defendants.

Finally, federal courts may exercise personal jurisdiction for "a claim that arises under federal law . . . [when] the defendant is not subject to jurisdiction in any state's court of general jurisdiction" and it would be "consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). Since Ngambo has not alleged facts demonstrating Defendants are not subject to New York's courts of general jurisdiction, the District Court cannot utilize Rule 4(k)(2) to exercise personal jurisdiction over the Defendants.

B.

The District Court also properly found it lacked subject matter jurisdiction over the claims pertaining to the New York State Defendants in their official capacities. The Eleventh Amendment "make[s] states generally immune from suit by private parties in federal court [and] [t]his immunity extends to state agencies and departments." MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503 (3d Cir. 2001) (cleaned up). This immunity bars Ngambo's complaint against the New York State Judges, the NYSDTF, and NYSDTF Commissioner Hiller in their official capacities. There is an exception insofar as a plaintiff sues "individual state officers . . . in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." Id. at 506 (citation omitted). Ngambo's complaint sought injunctive relief

only against the NYSDTF,[2] a state agency.  To the extent that Ngambo's requested injunctive relief is extended to Commissioner Hiller as an individual party to the suit,[3] the District Court, as noted above, lacks personal jurisdiction over Commissioner Hiller in her individual capacity.

---

[2]  His complaint specifically sought to "[e]njoin[] the [NYSDTF] from taking any sum for unpaid child support."

[3]  See MCI Telecomm. Corp., 271 F.3d at 506-08, 513-15 (holding that the Eleventh Amendment did not bar an action for prospective injunctive and declaratory relief against Commissioners of the Public Utility Commission who were individual parties to the suit where the other requirements are met).

C.

Finally, the District Court properly found that the Federal and State Judges were entitled to judicial immunity. "A judicial officer in the performance of [their] duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. (cleaned up). Ngambo's allegations all relate to actions taken by the Federal and State Judges in their capacities as judges. See id. And contrary to his assertions on appeal, Ngambo has not set forth facts showing any of the judges acted "in the clear absence of all jurisdiction." Id.

For the foregoing reasons, we grant the motions for summary action, and we will affirm the District Court's judgment as to all Appellees.[4] See 3d Cir. L.A.R. 27.4(a).

---

[4] Although the Magistrate Judge recommended that Ngambo's complaint be dismissed against all Defendants on jurisdictional grounds, the Magistrate Judge also concluded that Ngambo's complaint failed to state a claim under the CCPA and RICO statutes. We do not review these conclusions because we find the District Court correctly dismissed the case for lack of personal jurisdiction, lack of subject matter jurisdiction, and judicial immunity.

8