ALD-218                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2211
_____

BRADLEY LIVINGSTON,
                                        Appellant

v.

BOROUGH OF ELMWOOD PARK
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:24-cv-01210)
District Judge: Honorable Jamel K. Semper
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 18, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: September 22, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Bradley Livingston appeals from a District Court order dismissing his amended complaint with prejudice. For the following reasons, we will summarily affirm.

I

Livingston initiated this action by filing a civil complaint against one Defendant, the Borough of Elmwood Park. His original complaint alluded to a parking issue he had with Elmwood Park related to his vehicle. It also alluded to his apparent unrelated arrest months later. In May 2024, Elmwood Park filed a motion to dismiss the original complaint. Livingston then filed a two-page amended complaint on September 27, 2024.

On October 1, 2024, the District Court accepted the amended complaint and gave Livingston 21 days to file a *complete* amended complaint. The District Court explained that if Livingston did not file another amended complaint within 21 days, it would consider his September 27, 2024 filing as the operative pleading. The District Court also put Livingston on notice about certain potential insufficiencies of his two-page amended complaint. After Livingston did not file another amended complaint within 21 days, Elmwood Park filed a motion to dismiss the September 27, 2024 two-page amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

On June 16, 2025, the District Court granted Elmwood Park's motion to dismiss the amended complaint with prejudice. It held that the amended complaint did not comply with Federal Rule of Civil Procedure 8(a)(2) because it contained primarily statutory text and caselaw and did not set forth facts against Elmwood Park or counts for relief. Livingston filed a notice of appeal and an amended notice of appeal on June 16, 2025 and June 23, 2025, respectively.

Our Clerk notified the parties that this appeal was subject to possible dismissal pursuant to 28 U.S.C. § 1915(e)(2) or for possible summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Livingston next filed a motion to unseal the District Court's judgment and for entry of judgment, along with a motion to supplement the record, a motion for summary disposition, and an informal brief.

## II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's grant of a defendant's motion to dismiss a complaint for failure to state a claim, applying the standard articulated by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–57 (2007), and reiterated in Ashcroft v. Iqbal, 556 U.S. 662, 677–79 (2009). See Bah v. United States, 91 F.4th 116, 119 (3d Cir. 2024).

A motion to dismiss "may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the

3

plaintiff, a court finds that plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Twombly, 550 U.S. at 555–56). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Bah, 91 F.4th at 119 (quoting Iqbal, 556 U.S. at 678).

Pro se complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quotation marks and citation omitted). Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. Further, we may affirm based on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III

We agree with the District Court's grant of Elmwood Park's motion to dismiss the amended complaint. Rule 8(a) requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A pleading contravenes Rule 8 if it does not "identif[y] discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims" or is "so vague or ambiguous that a

4

defendant cannot reasonably be expected to respond to it[.]" Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019) (citations and internal quotation marks omitted).

The District Court properly noted that Livingston's two-page amended complaint merely recited statutory text and caselaw with no underlying facts against Elmwood Park. This was clearly insufficient to satisfy Rule 8 and the Iqbal/Twombly standard. See, e.g., Grant v. Royal, 886 F.3d 874, 898 (10th Cir. 2018) (holding that "recitations of caselaw--tethered neither to factual allegations nor directed argumentation--[ ]fall short of fairly presenting a legal claim"); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009) ("We understand the Court in Iqbal to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more."). Further, Livingston had already been put on notice by the District Court about what was needed to properly state a claim.

Finally, Livingston filed a motion in this Court to compel judgment and unseal the District Court's June 16, 2025 text order which dismissed his amended complaint with prejudice. Livingston incorrectly states that the District Court sealed its text order. It did not. Livingston also argues that the District Court's text order did not comply with the separate judgment rule in Federal Rule of Civil Procedure 58. While the District Court's

5

text order may not have complied with the separate judgment rule, <u>see</u> <u>LeBoon v.</u> <u>Lancaster Jewish Cmty. Ctr. Ass'n</u>, 503 F.3d 217, 224 (3d Cir. 2007) (citations omitted), that makes no difference in this appeal. Indeed, it only would change the entry date of judgment. Because Livingston's notice and amended notice of appeal were timely, the separate judgment rule has no impact on this appeal. Accordingly, this motion is denied.

IV

For the foregoing reasons, we will summarily affirm the District Court's dismissal of Livingston's amended complaint with prejudice. Livingston's outstanding motions are denied.