**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3581
_____

MARIANNE SAWICKI,
                              Appellant

v.

RICHARD A. WILSON; CHRISTOPHER B. WENCKER; GEORGE N. ZANIC;
DAVID G. SMITH; ANGELA ROBINSON; LORI HEATON; GLORIA R. AMMONS;
SHOHIN H. VANCE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:25-cv-04884)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted on the Parties' Cross-Motions for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
on January 16, 2026

Before: KRAUSE, BIBAS, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed:  February 13, 2026 )
_____

_____

OPINION[*]

_____

PER CURIAM

Marianne Sawicki appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania ("the EDPA") that dismissed, with prejudice, her second civil-rights action related to attorney disciplinary proceedings that were brought against her in Pennsylvania. We will summarily affirm that judgment.

In 2023, the Supreme Court of Pennsylvania suspended Sawicki from the Pennsylvania Bar for a year and a day for numerous ethical violations. *See Sawicki v. Kipphan*, Nos. 24-2033 & 24-2120, 2025 WL 1261780, at *1 (3d Cir. May 1, 2025) [hereinafter *Sawicki I*] (citing the Supreme Court of Pennsylvania's decision). In May 2025, we affirmed the decision of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing, with prejudice, Sawicki's related civil-rights action. *See id.* at *2. In that pro se action, Sawicki alleged, inter alia, that the disciplinary proceedings brought against her were the product of the unlawful efforts of various officials, who allegedly retaliated against her in violation of her First Amendment rights, conspired against her, and violated her due-process rights. *See id.* at *1-2. We concluded that Sawicki's retaliation claim failed under the standard set forth in *McLaughlin v. Watson*, 271 F.3d 566, 573 (3d Cir. 2001), that "her conclusory conspiracy allegations [were]

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

implausible," and that her due-process claims were "just her retaliation theory repackaged." *Sawicki I*, 2025 WL 1261780, at *2.

After we affirmed, Sawicki filed another pro se civil-rights action related to her disciplinary proceedings, this time in the EDPA. Her complaint there named some of the defendants from her earlier case, as well as two new defendants (a member of the Disciplinary Board of the Supreme Court of Pennsylvania ("the Board"), and counsel for the Board).[1] The complaint repeated factual allegations from the original action and added factual allegations about the disciplinary proceedings that postdated the MDPA's resolution of Sawicki's first case. Once again, she claimed that the defendants had retaliated against her, conspired against her, and violated her due-process rights. On December 16, 2025, the EDPA entered an order granting the defendants' motions to dismiss Sawicki's complaint with prejudice. In doing so, the EDPA concluded that Sawicki's claims against some of the defendants were barred under the doctrine of claim preclusion, that all defendants were immune from suit (for various reasons), that the complaint failed to state a viable claim on the merits (for essentially the reasons set forth in *Sawicki I*), and that amendment would be futile.

Sawicki timely appealed from the EDPA's judgment,[2] and the parties have since filed cross-motions for summary action. We conclude that Sawicki's EDPA complaint, on

---

[1] The Board had unanimously recommended the suspension that was imposed by the Supreme Court of Pennsylvania.

[2] We have jurisdiction over this appeal under 28 U.S.C. § 1291, and our review of the EDPA's decision is plenary. *See Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024).

its merits, fails for substantially the reasons set forth in *Sawicki I* and echoed by the EDPA, and we agree with the EDPA that amendment of the complaint would be futile.[3] Accordingly, we grant Appellees' motions for summary affirmance and deny Sawicki's cross-motion for summary reversal, and we will summarily affirm the EDPA's judgment. *See* 3d Cir. I.O.P. 10.6 (providing that summary affirmance is warranted if the panel unanimously concludes that the appeal fails to present a substantial question).[4]

---

[3] We need not, and do not, reach the preclusion and immunity issues discussed in the EDPA's decision.

[4] To the extent that Sawicki argues that the members of this Panel should recuse themselves because they sat on the panel that decided *Sawicki I*, that argument lacks merit. *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal . . . ."). Nor has Sawicki otherwise demonstrated that recusal is warranted here. *See generally* 28 U.S.C. § 455 (setting forth standards of recusal).