ALD-104                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2718
_____

JOSHUA ANTHONY JONES,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:24-cv-02045)
District Judge: Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2026
Before: SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed April 2, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Joshua Jones appeals pro se from the District Court's order dismissing his complaint. Because the appeal does not present a substantial question, we will summarily affirm the dismissal with a modification.

In his complaint against the United States, Jones alleged that he was "the subject of an unconsented human experimentation involving nanotechnology" used by various federal agencies including the Department of Defense, Central Intelligence Agency, and National Security Agency. ECF No. 1 at 8. While the complaint contained few details, Jones alleged that the technology started to be used around 2012, interferes with his thoughts and bodily functions, and has caused him to hear uncomfortable sounds such as screams of torture. Jones brought claims against the United States under dozens of federal statutes, regulations, and executive orders, and under the U.S. Constitution pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

The United States moved to dismiss the complaint for failure to state a claim and for lack of subject matter jurisdiction because, inter alia, the United States had not waived its sovereign immunity for the claims raised by Jones. The District Court, adopting the recommendation of the Magistrate Judge, determined that the United States was entitled to sovereign immunity, granted the motion, and dismissed the complaint with prejudice. This appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim. *See Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024). We may take summary action on any basis supported by the record if the appeal fails to present a substantial question. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Here, we agree with the District Court's analysis and conclusion that the United States has not waived its sovereign immunity for any of Jones' claims. As the District Court explained, several of Jones' claims rely on statutes, such as 18 U.S.C. § 941, that do not even exist. To the extent that Jones relies upon other statutes, executive orders, and federal regulations, most of those authorities do not provide Jones with a cause of action, and none waives the United States' sovereign immunity. *See* ECF No. 39 at 12–13 (discussing each of those authorities). Absent an explicit waiver, Jones' *Bivens* claims against the United States are also barred by sovereign immunity here. *See Meyer*, 510 U.S. at 475; *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979).

We also agree with the District Court's determination that Jones did not plead a negligence or other tort claim, and that he did not invoke the Federal Tort Claims Act.

3

Given the circumstances and allegations here, the District Court properly determined that any amendment would be futile. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

For these reasons, the District Court properly dismissed the complaint for lack of subject matter jurisdiction. *See Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.").[1] However, because the District Court lacked jurisdiction, Jones' complaint should have been dismissed without prejudice instead of with prejudice. *See N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice"). Accordingly, we modify the judgment to dismiss the complaint without prejudice. *Cf. Curry v. Yachera*, 835 F.3d 373, 379–80 (3d Cir. 2016) (modifying order of dismissal). We will affirm the District Court's judgment as modified.

---

[1] We discern no error in the District Court's determination that, in light of the dismissal, Jones' various motions, which generally sought injunctive relief or made arguments against dismissal, should be denied.

4